Frank N. Parsons.
Reuben E. Walker.
George H. Bingham.
John E. Young.
Robert J. Peaslee.

</div>

January 24, 1913.

---

July 22,  }
  1889.  {

## Opinion of the Justices.*

The legislature of 1889 was not authorized to fix the time when the constitutional amendments approved by the people in March of that year should take effect.

The constitutional convention of 1889, pursuant to authority assumed to be delegated to it by the legislature, fixed the time when such amendments as might be approved by the people should become operative.    Laws 1887, *c.* 107, *s.* 8; Jour. Conv. 256. June 18, 1889, the house of representatives required the opinion of the justices of the supreme court upon the following question: "Has the existing legislature the power and right to fix the time when the alterations in and amendments to the constitution, which were approved by the people at the election held on the 12th day of March, 1889, shall take effect?"

*To the House of Representatives:*

The undersigned respectfully comply with your resolution requiring our opinion on the question whether the existing legislature

---

* This *Opinion of the Justices*, submitted to the house of representatives of the legislature on July 22, 1889, was printed in the legislative journal for that year (*pp.* 624–627), but has never before appeared in the law reports.    In the regular course, it should have been printed in volume 65.    Whether its omission was due to an oversight on the part of the reporter, or to failure of the judges to furnish him with a copy of the opinion, must remain matter of conjecture, as Hon. William S. Ladd, who was state law reporter in 1889, and all the judges whose names are appended to the opinion are long since dead.

can fix the time when the amendments of the constitution, approved in March, 1889, shall take effect.

If the time were not legally fixed in express terms, it might be claimed that some amendments take effect, for some purposes at least, according to their apparent purpose, when adopted by the people. Jameson Const. Con. 545 n. Assuming the construction to be settled by usage and a general concurrence of opinion that a limited or unlimited power of determining when such amendments as those recently adopted shall become operative is in a representative assembly, it must be in the legislature or the convention. The constitution does not establish a conflict of jurisdiction by vesting it in each of them. Articles 99 and 100 prescribe the mode of calling a convention; but beyond a general purpose of revising the constitution, the authority of the delegates is not set forth. They are not endowed with the entire sovereignty of the state. Their agency, like every branch of the public service, is marked on all sides by fixed bounds. As the constitution cannot be altered until a proposed amendment is laid before the towns and approved by the voters, and as the second article vests "the supreme legislative power" in the senate and house, little room is left for acts of the delegates that can have the force of law. Cool. Con. Lim. 32; Jameson Const. Con., c. 6. For ordinary and general purposes they are not a legislative body. They are a committee to whom the constitution makes no express grant of law-making power. By direct derivation through that instrument, they have no enacting capacity, unless an incidental one of narrow range is implied as necessary for the business of preparing questions of revision and submitting them to the people.

A valid ordinance, fixing the time when amendments take effect, is a law. In respect to repealability it may be peculiar, but making it is an exercise of legislative power. If it were a part of the constitution, it could not be made by the legislature or the convention. If it is not a part of the constitution, being a law it can be made by the legislature, unless articles 99 and 100 contain satisfactory evidence of an intention to modify article 2 by giving this part of "the supreme legislative power" to the convention. The opinion that such an ordinance is an appropriate work of the convention has so far prevailed that the legislature authorized it to be made by the conventions of 1850, 1876, and 1889. Laws 1850, c. 959, s. 8; Laws 1876, c. 30, s. 8; Laws 1887, c. 107, s. 8. It could not be regarded as an inappropriate work of the senate and house when their sessions were annual; and the question of legislative capacity is not affected

by the introduction of biennial sessions.    If it were a mere question of suitableness and convenience, the exclusive right of the convention would not be apparent.    As a grant of legislative power cannot be implied from anything less cogent than practical necessity, the present inquiry is not advanced by a consideration of what is merely suitable and convenient.    And as the express grant in article 2 cannot be deemed an inadequate provision for the present case, no ground of necessity appears on which an implied grant can be sustained.    No such ground is established by custom or common understanding.    In 1792, the matter was disposed of by the legislature under article 98.    The order given by that article for their performance of this duty shows that its performance by others was then thought not to be a necessity.    In the revision of 1876, a similar view was taken.    The question of time, submitted by the legislature to the convention, was referred back by the convention to the legislature, and settled by statute.    Proc. of Conv. 276, 279; Laws 1877, c. 33.

. No convincing or substantial argument is found for the proposition that the constitution has carved an authority to legislate on this particular subject out of the general province assigned in express terms to the senate and house, and set it off as an implied power of the convention.    Upon this conclusion there is no occasion to inquire whether article 98 is applicable to revisions made after 1792.

The legislature having the power, and having assumed to delegate it to the convention of 1889, who have assumed to exercise it in pursuance of section 8, chapter 107, Laws 1887, the question is whether these acts of the legislature and the convention are void.    While the rule is that the power of general state legislation cannot be delegated by the senate and house, the transfer of power to the convention by section 8 of the act of 1850, copied in the acts of 1876 and 1887, has been universally understood to be legal.    The convention of 1876 declared that if the time were not determined by the legislature at the June session, 1877, it would be determined by the convention at an adjourned session.    Proc. of Conv. 276, 279.    In 1889, when proposed amendments were laid before the towns, the people did not doubt the validity of the ordinance which had fixed the time.    If their understanding was not expressed in the manner required to make it a part of the written law (a point which need not now be determined), their agreement with the legislature and the convention in the opinion that the legislature could authorize the convention to pass the ordinance is an argument on the constitu-

tional question.   The unanimity of judgment on a point repeatedly presented is enough to establish an exception that is harmless in its direct and immediate operation, and too clearly defined and too limited in its scope to unsettle the general rule or become a dangerous precedent.   The time having been legally fixed, some of the amendments have already taken effect and are now in force; and there being no legal necessity for any further legislation on the subject, the question proposed by the house is answered in the negative.

C. DOE.
W. H. H. ALLEN.
ISAAC W. SMITH.
LEWIS W. CLARK.
I. N. BLODGETT.
A. P. CARPENTER.
GEO. A. BINGHAM.

July 22, 1889.